Roscos V. Elsworth, J.
In this action the plaintiff, a police officer of the Village of Green Island, seeks a permanent injunction restraining the defendants from hearing and determining charges filed against him and from either removing or punishing him for alleged derelictions of duty set forth in such charges. A temporary injunction is here sought. Such an application must be viewed within the framework of the rule that a temporary injunction is an extraordinary remedy only sparingly granted when irreparable injury would otherwise result.
The charges were initiated by Mayor McNulty who has disqualified himself from participation as a member of the Board of Police Commissioners in a determination of the charges. The court is not impressed with the argument that a member of the police board is powerless to initiate charges and that the board can only act when some outsider prefers charges. This contention ignores the fact that a member of a police board has definite duties and responsibilities to attempt to cure a situation that he believes to seriously affect a police department, and further the realistic fact is that the ordinary citizen often prefers to refrain from getting mixed up in situations that concern the public weal but not the citizen individually.
Nor is this court impressed with the argument that the other members of the police board are the “ alter ego ” of the Mayor *352 and have predetermined the guilt of plaintiff. True, they here signed the charges but the papers submitted clearly indicate ; only the Mayor is in fact preferring and prosecuting the same. This court must assume at the outset that the Commissioners ' are conscientious public officials who seek to perform their duties ¡ without bias or prejudice. It is completely unwarranted to assume on the facts presented that the Commissioners will j not perform their duties with respect to plaintiff fairly and impartially. j
The issue presented to the Hearing Commissioners will be I fairly simple. It is whether plaintiff is guilty of all or some of ! the charges made against him. The determination of the issue j rests on the proof and evidence. If it is demonstrated that plaintiff is guilty, he should be removed or otherwise punished. If not so demonstrated, he should be reinstated. A record will be made on the hearings that is subject to judicial review.
Justification is not found here for the court interfering by means of a temporary injunction for in no event will irreparable injury result from the parties being put to their proof.
Defendants cross-move to dismiss because no summons accompanied the complaint served with the show cause order herein. While a temporary injunction is conditioned upon the existence of an action for a permanent injunction and better practice dictates that the action be commenced prior to or simultanously with the application for temporary relief, the court does not regard the defect as a fatal one. It elects to rest its decision here on the merits. The application for temporary injunction is denied and stay vacated.